AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br><br>KHALED EBRIGIT<br><br>*Defendant(s)* | )<br>)<br>) Case No. 2:19-mj-850<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of October 14, 2018, in the county of Franklin in the Southern District of Ohio, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 42 U.S.C. §§ 6928(d)(1) and (d)(5) and 18 U.S.C. § 2 | Transportation of Hazardous Waste to an Unpermitted Facility and Without a Manifest |
| 42 U.S.C. § 6928(d)(2)(A) 18 U.S.C. § 2 | Disposal of Hazardous Waste Without a Permit |
| 18 U.S.C. §§ 2 and 371 | Conspire and Agree to Knowingly Illegally Transport and Dispose of Hazardous Waste and Carried out Overt acts in Furtherance of the Conspiracy |

This criminal complaint is based on these facts:

See Affidavit in Support of Criminal Complaint

☑ Continued on the attached sheet.

*Complainant's signature*

Thomas J Kohl Jr. Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10-28-19

*Judge's signature*

Chelsey M. Vascura, U.S. Magistrate Judge

City and state: Columbus, OH

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Thomas J. Kohl, Jr., duly sworn, depose and say:

### INTRODUCTION

1.     I am a Special Agent with the United States Environmental Protection Agency, Office of Criminal Enforcement, Forensics, and Training-Criminal Investigation Division ("U.S.EPA-CID"). I have been so designated, as a Special Agent, for approximately 17 years. I am presently assigned to the Cleveland, Ohio, Resident Office, located in Middleburg Heights, Ohio. My immediate responsibilities include investigations of environmental criminal violations which occur in the State of Ohio.

2.     I was trained in criminal investigations at the Federal Law Enforcement Training Center in Glynco, Georgia. In my experience, I have become familiar with regulations governing the proper storage, transport and disposal of hazardous waste. As a Special Agent, I have conducted numerous criminal investigations of Resource Conservation and Recovery Act (RCRA) violations, including those related to illegal dumping of hazardous waste.

3.     Along with other agents, officers, and investigators of the Ohio Bureau of Criminal Identification and Investigation, the Ohio Environmental Protection Agency, the Franklin County Sheriff's Office, and EPA, I am currently involved in an investigation of RCRA offenses and other offenses committed by Khaled Ebrigit (hereinafter referred to as "EBRIGIT"). Based on the investigation conducted to-date, there is probable cause to believe that EBRIGIT knowingly arranged the transportation and disposal of hazardous waste by abandoning barrels of discarded resin and solvents in apartment complexes and neighborhoods in Columbus, Ohio. Doing so violates RCRA requirements requiring manifesting of hazardous waste during storage, transportation, and disposal at licensed treatment, storage and disposal facilities, all in violation

of 42 U.S.C. § 6928(d). I submit this Affidavit in support of a criminal complaint.

4.  I make this affidavit from knowledge based on my participation in this investigation, including witness interviews by myself and/or other law enforcement officers, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. For purposes of this Affidavit, I have not distinguished between information of which I have direct knowledge and that of which I have hearsay knowledge.

5.  The information set forth in this affidavit is for the limited purpose of establishing probable cause that EBRIGIT committed the offenses alleged in the complaint. This affidavit, therefore, does not necessarily include all of the information collected during this investigation.

## STATUTORY & REGULATORY BACKGROUND

6.  Congress enacted the Resource Conservation and Recovery Act of 1976, as amended (RCRA), 42 U.S.C. § 6928(a), to address the serious environmental and health dangers arising from the management and disposal of "hazardous wastes." 42 U.S.C. §§ 6921-6939e. Congress broadly defined the term "hazardous waste" as a "solid waste" which "may . . . pose a substantial present or potential hazard to human health or the environment when improperly . . . managed." 42 U.S.C. § 6903(5). Under RCRA, U.S. EPA has established regulatory standards that apply to persons who generate or transport hazardous waste, as well as regulations applicable to the owners and operators of hazardous waste treatment, storage and disposal ("TSD") facilities. 42 U.S.C. §§ 6922-24; 40 C.F.R. Parts 262, 263 and 264-270. RCRA also establishes a nationwide permit program for owners and operators of TSD facilities. 42 U.S.C. § 6925.

2

7. RCRA defines the term "solid waste" to include all "discarded material, including solid, liquid, semisolid, or contained gaseous material resulting from industrial [or] commercial ... operations." 42 U.S.C. § 6903(27).

8. Under RCRA, a "solid waste" is deemed to be a hazardous waste in two ways. First, RCRA regulations designate a solid waste as a hazardous waste if it appears on one or more lists of hazardous wastes in the RCRA regulations. 40 C.F.R. § 261.30 *et. seq*. Second, RCRA regulations define a solid waste as a hazardous waste if that waste exhibits at least one of the following four hazardous characteristics identified in the RCRA regulations: (1) ignitability, (2) corrosivity, (3) reactivity or (4) toxicity. 40 C.F.R. §§ 261.20 - 261.24. Whether a solid waste possesses any of these characteristics typically is determined by analyzing a representative sample of the waste in accordance with laboratory test methods specified in the RCRA regulations. Any "solid waste" exhibiting one or more of these characteristics is a "hazardous waste" subject to regulation under RCRA.

9. All "hazardous wastes" are subject to stringent standards that govern their generation, transportation, treatment, storage and disposal. *See* 42 U.S.C. §§ 6921-25; 40 C.F.R. Part 261; *Chemical Waste Mgmt., Inc. v. EPA*, 976 F.2d 2, 8 (D.C. Cir. 1992). Hazardous wastes may be transported to, stored at, and treated or disposed only at permitted Treatment, Storage or Disposal (TSD) facilities. 42 U.S.C. §§ 6925 and 6926. The owners and operators of TSD facilities must apply for and obtain a RCRA permit. Each RCRA permit imposes regulatory conditions that are specifically tailored and limited to the types of hazardous waste and associated waste-handling activities at that particular facility – *i.e.*, a facility may only handle those hazardous wastes and perform those activities specified in its RCRA permit. 40 C.F.R. Part

264. Finally, hazardous wastes must be accompanied by manifests when such wastes that are transported. Among other things, these manifests must contain a complete description of the waste, the quantity and type of containers holding the waste, and the name and address of a receiving facility that is permitted to handle the waste (*i.e.*, a RCRA-permitted TSD facility). 40 C.F.R. § 262.20, *et. seq*. The generator and the transporter of the hazardous waste, and the designated permitted facility that receives the hazardous waste, all must retain copies of that manifest.

10.     RCRA provides criminal sanctions for the illegal handling, storage or disposal of hazardous waste. It is a crime for any person to knowingly transport hazardous waste to an unpermitted facility. 42 U.S.C. § 6928(d)(1). It is also a crime for any person to knowingly store, treat or dispose of hazardous waste without a permit. 42 U.S.C. § 6928(d)(2)(A). The punishment for these knowing violations of RCRA includes imprisonment for up to five years and a fine of up to $50,000 per day of violation. The Sentencing Reform Act provides an alternative maximum fine of up to $250,000 for an individual, and $500,000 for a corporation. Alternative calculations based on the amount of loss or gain, or per-day statutory fines may also be used if they would yield a higher figure. 18 U.S.C. § 3571.

11.     The knowing failure to use a manifest during transportation of a hazardous waste is also a felony violation of RCRA, punishable by imprisonment for up to two years or a fine as described above. 42 U.S.C. § 6928(d)(5). RCRA also provides a fifteen-year maximum jail sentence for knowing endangerment, a crime that applies to any person who illegally transports or disposes of hazardous waste and who knows that he has thereby placed another person in imminent danger of death or serious bodily injury. 42 U.S.C. § 6928(e).

4

## STATE PROGRAMS

12. RCRA allows a state to apply for EPA-authorization of the state's hazardous waste program. 42 U.S.C. § 6926(b). Once approved, these authorized requirements operate "in lieu" of the federal regulatory program. *See* 42 U.S.C. § 6926(a). In 1989, EPA delegated the administration of the RCRA Hazardous Waste Management Program for the State of Ohio to the OEPA, an executive agency of the State of Ohio. 54 Fed. Reg. 27170 (June 28, 1989). Ohio Revised Code (ORC) Chapters Ohio Administrative Code Chapter 3734 and Ohio Administrative Code (OAC) Chapters 3745-50 through 57, 65 through 69, 205, 256, 266, 270, 273 and 279 contain the rules for hazardous waste management in Ohio. *See also* 40 C.F.R. § 272.1800 *et seq*. While states with authorized programs utilize state enforcement authority, EPA retains its own enforcement authority under RCRA in such states. 42 U.S.C. § 6928(a)(2).

## FACTS SUPPORTING PROBABLE CAUSE

13. Based on my review of the Ohio Secretary of State website and interviews conducted by representatives of the agencies described above in paragraph 3 with employees of Conrex, during all times material herein Conrex Property Management LLC (Conrex) was a company registered under the laws of Ohio, and engaged in the business of, among other things, investing in real estate. Conrex invests in real estate in central Ohio and elsewhere.

14. Based on interviews conducted by representatives of the agencies described above in paragraph 3, with the previous resident of the property at 5274 Refugee Road, Columbus, Ohio, and with current and former Conrex employees and contractors, when Conrex purchased the property in 2018, there were approximately 67 drums of waste chemicals located on the property. The former tenant, an employee of a local screen-printing business, transported the drums there

5

from his place of employment and stacked the drums in and around a shed located in the back yard. The drums contained hazardous chemicals (resin solutions) used in the now defunct screen-printing business. The tenant moved out of the property in the spring of 2018 and abandoned the drums in and around the shed. Some of the drums were labeled with the name of the defunct screen-printing business, and most of the drums were labeled "flammable."

15. Based upon interviews conducted by representatives of the agencies described above in paragraph 3, with current and former Conrex employees and contractors, and upon documents collected from Conrex during this investigation, JL, an employee of Conrex, hired EBRIGIT as an independent contractor to remove and dispose of drums of "chemical substances" located on the property at 5274 Refugee Road, Columbus, Ohio.

16. Based upon interviews conducted by representatives of the agencies described in paragraph 3, with co-conspirator ME and with EBRIGIT, sometime on or about October 14, 2018, EBRIGIT paid or offered to pay co-conspirator ME $400 to dispose of the drums. Defendant EBRIGIT directed ME to load the drums into ME's van and directed ME to dispose of them by leaving them next to dumpsters at several apartment complexes located throughout Columbus, or wherever else ME could find to dump them.

17. Based upon interviews conducted by representatives of the agencies described in paragraph 3 and upon their observations of the following sites, on or about October 14, 2018, ME transported the drums without a manifest to the following locations: 326 South Harris Avenue (15 ten-gallon drums), 103 Stevens Avenue (19 ten-gallon drums), 40 North Central Avenue (16 10-gallon drums), 3400 Camp Chase Drive (14 ten-gallon drums), and 4592 Channing Terrace (three 55-gallon drums), all in Columbus, Ohio (collectively, the "Dump

Sites"). None of these Dump Sites were facilities permitted to treat, store, or dispose hazardous wastes. ME disposed of the drums by abandoning them near dumpsters or in alleys at the Dump Sites.

18. Based upon interviews conducted by representatives of the agencies described in paragraph 3, with employees of Conrex, and on documents received from Conrex, on or about October 15, 2018, Conrex received an invoice and subsequently paid EBRIGIT $5,000 to remove and dispose of the drums.

19. Subsequently, Ohio Environmental Protection Agency's (OEPA's) Office of Emergency Response responded to the Dump Sites, and initiated clean-up of the containers, some of which were found to be leaking. Laboratory analysis of samples taken from the drums confirmed that the contents were hazardous because the contents exhibited the characteristic of ignitability.

## CONCLUSION

20. Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that on or about October 14, 2018, within the Southern District of Ohio, defendant KHALED EBRIGIT knowingly caused the transportation of hazardous waste to somewhere other than a permitted treatment, storage and disposal facility by paying or offering to pay ME $400 to dispose of the drums and by directing ME to load the drums into ME's van and to transport them without a manifest to the Dump Sites in violation of 42 U.S.C. §§ 6928(d)(1) and (d)(5) (Transportation of Hazardous Waste to an Unpermitted Facility and Without a Manifest) and 18 U.S.C. § 2.

21. I further submit that there is probable cause to believe that on or about October 14, 2018, within the Southern District of Ohio, defendant KHALED EBRIGIT knowingly caused the disposal of hazardous waste without a permit by directing ME to abandon the drums at the Dump Sites in violation of 42 U.S.C. § 6928(d)(2)(A) (Disposal of Hazardous Waste Without a Permit) and 18 U.S.C. § 2.

22. I further submit that there is probable cause to believe that on or about October 14, 2018, within the Southern District of Ohio, KHALED EBRIGIT and ME did knowingly and unlawfully combine, conspire and agree to knowingly illegally transport and dispose of hazardous waste and carried out overt acts in furtherance of the conspiracy in violation of 18 U.S.C. §§ 2 and 371.

23. I therefore respectfully request that a criminal complaint be granted upon this Affidavit.

_____
Special Agent Thomas J. Kohl, Jr.
U.S. Environmental Protection Agency
Criminal Investigation Division


Sworn and Subscribed to before me and subscribed in my presence this __28__ day of October 2019.

_____
Honorable Chelsey M. Vascura
United States Magistrate Judge
Southern District of Ohio

8